IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

**SANDRA PATRICIA SANDOVAL- MENDOZA**
Petitioner,

v.

**UNITED STATES OF AMERICA,**
Respondent.

**CIVIL NO. 07-1782(DRD)**

**OPINION & ORDER**

Before the Court is Petitioner's 28 U.S.C. Sec. 2255 habeas corpus petition (D.E. #1)[1]. Respondent filed a response to the Petition (D.E. #6). For the reasons discussed below, the Court finds the Petition shall be DENIED.

**I. BACKGROUND**

On March 7, 2000, Petitioner Sandra Patricia Sandoval- Mendoza (hereinafter "Petitioner" or "Sandoval-Mendoza") was charged along with another co-defendant, Mauricio León Donato, in a sealed complaint (Crim. D.E. 2)[2]. Said Complaint charged Sandoval-Mendoza and her co-defendant with knowingly, willfully, intentionally, and unlawfully combine, conspire, confederate, and agree together with other persons, to wit: posses with intent to distribute and import into the United States from a place outside thereof, namely Bogota, Colombia, not less than ten (10) kilograms of heroin, a Schedule I Narcotic Drug Controlled Substance. All in violation of Title 21,

[1] D.E. is an abbreviation of docket entry number.

[2] Crim. D.E. is an abbreviation of criminal docket entry.

United States Code, Section 846 and 963. (Crim. D.E. 2).

On March 7, 2000, an arrest warrant was issued against Sandoval-Mendoza (Crim. D.E. 2). At the time of the Complaint Petitioner, a Colombian national, along with another co-defendant (Mauricio León Donato) was believed to be residing in Colombia (See: Criminal Case 02-191(DRD)). On March 25, 2002, the Government informed the Court that it had filed extradition documents against Sandoval-Mendoza and co-defendant and was currently waiting for both co-defendants to be arrested by Colombian authorities (Crim. D.E. 7).

On May 22, 2002, a Two Count Sealed Indictment was filed against Petitioner and co-defendant (Crim. D.E. 9). Count One charged Sandoval-Mendoza and co-defendant with knowingly, willfully, intentionally, and unlawfully conspire, confederate, and agree together and with divers other persons known and unknown, to possess with intent to distribute one (1) kilogram or more of heroin, a Schedule I, Narcotic Drug Controlled Substance, all in violation of Title 21, United States Code, Section 841(a)(1). Al in violation of Title 21, United States Code, Section 846. Count Two of the Sealed Indictment charged Petitioner along with her co-defendant from on or about September 1, 1995, up to and including February 11, 2001, in the District of Puerto Rico, and elsewhere and with in the jurisdiction of this Court, with willfully, knowingly, intentionally, and unlawfully conspire, confederate, and agree together and with divers other persons both known and unknown to import into the United States, from a place outside thereof, to wit; Bogota, Colombia, one (1) kilogram or more of heroin, a Schedule I Narcotic Drug Controlled Substance. All in violation of Title 21, United States Code, Section

952(a). All in violation of Title 21, United States Code, Section 963. (Crim. D.E. 9)[3].

On September 5, 2003, Sandoval-Mendoza and co-defendant were arrested in Colombia, by Colombian authorities, pursuant to a United States' request for provisional arrest pending extradition. (Crim. D.E. 15)[4]. On September 19, 2005, Sandoval-Mendoza was brought before the Court; her initial appearance was held; she was ordered detained without bail pending her bail hearing. (Crim. D. E. 42). On September 27, 2005, after a bail hearing Sandoval-Mendoza was ordered detained without bail pending trial (Crim. D.E. 49). On May 1, 2006, Sandoval-Mendoza, through counsel, filed a Motion for Change of Plea. (Crim. D.E. 76). On May 18, 2006, a Plea Agreement between Petitioner and the Government was filed with the Court. (Crim. D.E. 87). On May 18, 2006,Petitioner's Change of Plea Hearing was held before Magistrate Judge Arenas. (Crim. D. E. 88)[5]. On May 22, 2006, Magistrate Judge Arenas issued his Report and Recommendation recommending that Sandoval-Mendoza's Plea of Guilty and Plea Agreement be accepted by the District Court. (Crim. D.E. 90). On June 7, 2006, the District Court issued an order approving and adopting the Report and Recommendation as to Petitioner's plea of guilty. (Crim. D.E. 93).

---

[3] Again, arrest warrants were issued for Petitioner and a co defendant based on the accusations of the sealed indictment (Crim. D.E. 10).

[4] From September 5, 2003, until the date of extradition both Petitioner and co-defendant were held in a Colombian jail. Notwithstanding at sentencing the parties stipulated that she was to receive credit since her arrest date, August 27, 2003. (See supra p. 9).

[5] Pursuant to the Plea Agreement of Sandoval-Mendoza, plead guilty to Count One (1) of the Indictment, the remaining count would be dismissed by the Government at sentencing. See Crim. D.E. 87.

On August 25, 2006, Petitioner was sentenced to a term of imprisonment of ninety six (96) months as to Count One (1) of the Indictment[6]. A term of Supervised Release of four (4) years and a Special Monetary Assessment of one hundred dollars ($100.00)was also imposed. (Crim. D.E. 108). Judgment was entered on September 8, 2006. (Crim. D.E. 109). Sandoval-Mendoza did not appeal her conviction or sentence[7]. Petitioner timely filed her Petition to vacate, set aside or correct the Court's sentence pursuant to 28 U.S.C. Sec. 2255.(D.E. 1). The Government responded on March 19, 2008, (D.E. 6), and the matter was then ready for disposition.

## II. DISCUSSION

In her Petition under 28, U.S.C. Sec. 2255, Petitioner alleges that her counsel was ineffective because: a) he failed to argue for a downward departure due to the conditions of confinement she faced in a Colombian jail; and (b) her attorney failed to argue for a downward departure due to her status of deportable alien and further that her attorney failed to argue family hardship conditions.

### A. 28 U.S.C. Sec. 2255 standards and exhaustion requirements

Title 28 U.S.C. Sec. 2255 allows a federal prisoner to move the court to vacate, set aside, or correct her sentence if one of the following events happens:

1. the sentence was imposed in violation of the

[6]The Court chose to follow the sentencing recommendations established in paragraph eleven (11) of the Rule 11(c)(1)(A)&(B) Plea Agreement entered into by the parties. See Crim. D.E. 87.

[7]Pursuant to paragraph nineteen (19) of Petitioner's Plea Agreement if the Court accepted the terms and conditions of the Plea Agreement, which it did, Sandoval-Mendoza then waived her right to appeal her judgment and sentence. See Crim. D.E. 87.

Constitution or laws of the United States...

2. the court was without jurisdiction to impose the sentence,

3. The sentence was in excess of the maximum authorized by law or...

4. The sentence is otherwise subject to collateral attack.

When a prisoner files a motion for relief pursuant to section 2255, the court may dismiss the motion without an evidentiary hearing if "the motion and files and records of the case show conclusively that the movant is not entitled to relief."

It is well settled law that a section 2255 motion is not a substitute for an appeal. Therefore, the defendant must first raise his claims on direct appeal before bringing the claim in a section 2255 motion. United States v. Essig, 10 F.3d 968 (3d Cir 1993). Should a defendant fail to preserve his claim on direct appeal a court may not consider the claim in a subsequent section 2255 motion, unless the defendant can establish "cause and prejudice", United States v. Frady, 456 U.S. 152, 167 (1982); or a "fundamental miscarriage of justice". Murray v. Carrier, 477 U.S. 478, 496 (1986). The exception to this dogma of the exhaustion requirement is the allegation of ineffective assistance of counsel which may be brought for the first time in a section 2255 motion.

**B. Ineffective assistance of counsel claim due to attorney's alleged failure to seek a downward departure due to Petitioner's conditions of confinement during pre trial detention at a Colombian prison.**

Petitioner Sandoval-Mendoza's first claim of ineffective assistance of counsel is procedurally defaulted. Petitioner failed to raise her claim at sentencing or on appeal as to a downward departure, she must therefore couch it in terms of ineffective assistance of counsel. The Supreme Court in Bousley v. United States, 4523 U.S. 614 (1998), stated where criminal defendant has procedurally defaulted his claims by failing to raise them on direct review, the claims may be raised in a motion to vacate only if the defendant can demonstrate either cause and actual prejudice or his actual innocence. That is the threshold which Sandoval-Mendoza must meet.

Sandoval-Mendoza essentially argues that "cause" exists based upon the alleged ineffective assistance of her counsel in failing to seek a downward departure due to the conditions of confinement while she was detained in a Colombian jail awaiting extradition[8].

Petitioner's claim must be analyzed using the two-part test from Strickland v. Washington, 466 U.S. 668 (1984). Sandoval-Mendoza is required to show that :

> (1) her counsel's representation fell below an objective standard of reasonableness; and
>
> (2) that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. Strickland, 466 U.S. at 688-94.

The Supreme Court stated that a court need not determine whether

---

[8] The Court notes that Petitioner has not made a claim of actual innocence.

counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies. Strickland, 466 U.S. at 697.

After a careful review of the record the Court finds and concludes that Sandoval-Mendoza has failed to show that she was prejudiced by the "error" she alleges her counsel made. In fact, it is the finding of this Court that no such error occurred, on the contrary, Petitioner received a substantial benefit in her Plea Agreement and the time Sandoval-Mendoza spent in a Columbian jail was taken into consideration by the Court.

> Mr. Castro Lang: Yes, Your Honor, definitely the Court should in the sentence include that Ms. Sandoval is going to be credited all of the time she was detained in Colombia for this particular case, which appears in the pre-sentence report that she has been detained for this case since August 27, 2003. It is a substantial amount of time that she was incarcerated in Colombia.
>
> The Court: Waiting for this case, for extradition.
>
> Mr. Castro Lang: And my understanding is that the conditions of incarceration were horrible there.
>
> Mr. Vazquez: That's correct, Your Honor, Ms. Sandoval's detention in Colombia was at the request of the United States' extradition process.
>
> Mr. Castro Lang: So it's very important that you specify.
>
> The Court: I will so specify. And if you hear that I do not or if you see that the sentence that arrives

> does not – I should not miss it, but if I do, please immediately advise the Court. (S. H. Tr.,pages 5-6).
>
> The Court: ...Therefore, it is the judgment of this Court that the Defendant is hereby committed to the custody of the Bureau of Prisons, to be imprisoned for a term of 96 months. She is to be provided credit for all the time she was in prison in Columbia for the crime at the request of the United States authorities and therefore, she is to be credited from – Mr. Castro Lang?
>
> Mr. Castro Lang: August 27th, 2003.
>
> The Court: From August 27th, 2003. That should be highlighted. (S.H. Tr., pages 11-12).

The Court further revisited the issue at the sentencing of Sandoval-Mendoza's co-defendant, Leon-Donato, and once again stated that both co-defendants had been credited for the time they spent incarcerated at a Colombian jail awaiting extradition.

> The Court: The Court makes a finding in this case, as well as in the case of Ms. Sandra Sandoval Mendoza, that the United States has advised the Court that they were the entity that requested Colombian authorities to incarcerate both defendants, Sandra Sandoval and Mauricio Leon Donato, in this case, and therefore, orders that the Defendants be granted credit for the time they have spent in prison since August 27, 2003. A non-following of this order will be considered by this Court as contempt. (S.H. Tr., at page 10).

Clearly the record of this case, as well as that of co-defendant Leon-Donato, reflects that the Court not only took into account the fact that Sandoval-Mendoza spent time in a Colombian jail but it used it as one of the factors it considered in accepting a Plea Agreement and its recommendation of a reduced sentenced.

Other cases that have treated pre-sentence confinement conditions as potential grounds for downward departures primarily arise from courts in the Second and Third Circuits; the First Circuit has not explicitly addressed the question. In United States v. Carty, 264 F.3d 191 (2nd Cir.2001), the Court held that pre-sentence confinement conditions may, in appropriate cases, be a permissible basis for downward departures. Likewise, in United States v. Sutton, 973 F.Supp. 488 (D.N.J. 1997), the district court applied Third Circuit precedent to conclude that a sentencing court is not foreclosed as a matter of law from considering pretrial confinement conditions as a possible basis for departing downward, although it declined to do so depart on the facts of the case [9].

Notwithstanding the fact that the First Circuit has not addressed the issue at hand, Petitioner in her Plea Agreement, knowingly agreed not to seek a downward departure from the applicable guideline sentencing range. Specifically, paragraph nine (9) of the Plea Agreement states: "The United States and the defendant agree

---

[9] A review of the cases in which the court has agreed to depart downward based on the conditions of confinement reveals that court have departed when extremely harsh conditions are evidenced through an extensive factual record of abuse and mistreatment suffered by a defendant. See United States v. Francis, 129 F.Supp.2nd 612 (S.D.N.Y. 2001). Such evidence is lacking in the case of Petitioner Sandoval-Mendoza. The defendant agreed in the instant case that with a sentencing credit she had received all the reasonable credit warranted. The record is barren justifying any further credit.

that no further adjustments or departures to the defendant's base offense level pursuant to any guideline or statute shall be sought by the parties. The parties agree the Specific Sentencing Recommendation is reasonable and will not argue anything to the contrary."(Crim. D.E.87 pages 4-5). Therefore, if Petitioner's attorney had sought a downward departure at sentencing, he would have acted contrary to the terms of Petitioner's plea agreement. Sandoval-Mendoza has not indicated a desire to withdraw her plea. Petitioner can not now claim that her attorney's failure to act in breach of the plea agreement, by requesting a downward departure, could scarcely constitute ineffective assistance of counsel in such circumstances. The court understands that petitioner Sandoval-Mendoza is barred from further downward claims and that she has thus suffered no prejudice.

For the reasons previously stated this Court concludes that Petitioner Sandoval-Mendoza fails at her first argument of ineffective assistance of counsel.

**C. Ineffective assistance of counsel claim due to attorney's alleged failure to argue for a downward departure due to Petitioner's status of deportable alien**

Petitioner's second claim of ineffective assistance of counsel is also procedurally defaulted. Once again Petitioner did not raise her claim at sentencing or on appeal she must therefore couch it in terms of ineffective assistance of counsel Bousley v. United States, 452 U.S. 614 (1998). Once again Sandoval-Mendoza faces the burden of having to demonstrate either cause and actual prejudice or her actual innocence. She fails at both.

Sandoval-Mendoza argues that "cause" exists based upon the

alleged ineffective assistance of counsel in failing to argue for a downward departure due to her status of deportable alien. Once again Petitioner's request must be analyzed using the now familiar two part Strickland test. In accordance with Strickland this Court will first examine the prejudice suffered by Petitioner as a result of the alleged deficiencies. Strickland, 466 U.S. at 697.

Petitioner contends in her argument that pursuant to United States v. Booker, 543 U.S. 220 (2005) the court should have considered mitigating factors at the time of sentencing that were previously unavailable under a mandatory Sentencing Guideline regime. Particularly, Petitioner contends that since the fact the she is a deportable alien precludes her from receiving certain benefits , such as completion of her sentence in a half way house, this means that she will spend more time in a federal penitentiary than if she were a citizen of the United States and for that her sentence should be reduce. It is this argument which Petitioner contends constitutes an ineffective assistance of counsel claim for her counsel did not raise it at sentencing before the court.

Although correct that since Booker the Guidelines are now advisory requiring the Courts only to consider the guidelines when sentencing it does not mean that every plausible argument or request for departure made by a defendant will be entertained and accepted by the court. Such is the case of a deportable alien downward departure.

In United States v. Restrepo, 999 F.2d 640 (2d Cir. 1993), the Circuit Court held that the particular collateral consequences of the defendant's alienage did not serve as a valid basis for departure.

Specifically, the Court held that the following collateral consequences did not justify departure: "(1) the unavailability of preferred conditions of confinement, (2) the possibility of an additional period of detention pending deportation following the completion of sentence, and (3) the effect of deportation as banishment from the United States and separation from family." Restrepo at 644. In Pineda v. United States, 2009 WL 86663 (D.R.I.) The Court found that "The fact that a prisoner subject to an immigration detainer in ineligible for assignment to a half-way house does not amount to a violation of either due process or equal protection. In fact, an inmate's ineligibity to participate in various prison programs due to his alien status, ordinarily, is not even ground for a downward departure." Pineda at 86663[10]. Such is the case of Petitioner, she has not provided any extraordinary reason nor been able to show a justifiable reason as to why she should receive a downward departure. The mere fact that she is an alien and the consequences which said status entails is not legally sufficient. Furthermore, Sandoval-Mendoza's status as an alien is something she brought upon herself by illegally entering into the United States she must now live with the consequences of her actions.

Lastly, the Court notes that if Petitioner's attorney had requested the departure proposed by Sandoval-Mendoza the same would

---

[10] See also: United States v. Lopez Salas, 266 F.3d 842, 848 (8th Cir. 2001) "being categorically excluded from receiving early release [due to alien status] is not, by itself, an unusual or atypical factor justifying downward departure; United States v. Reynoso, 336 F.3d 46, 50-51 (1st Cir. 2003) "no jurisdiction to review discretionary denial of downward departure to defendant who, as deportable alien, claimed he was denied access to certain programs, such as a halfway house and work-release, that were available to non-alien prisoners.

have constituted a breach of her plea agreement. It therefore could scarcely constitute ineffective assistance of counsel in such circumstances. Once again, Sandoval-Mendoza can not have her cake and eat it to.

For the reasons previously stated this Court concludes that Petitioner Sandoval-Mendoza fails at her second argument of ineffective assistance of counsel, her status as a deportable alien.

**D. Ineffective assistance of counsel claim due to attorney's alleged failure to argue for a downward departure due to Petitioner's family hardship**

Petitioner's third and last claim of ineffective assistance of counsel is also procedurally defaulted. Once again Petitioner did not raise her claim at sentencing or on appeal she must therefore couch it in terms of ineffective assistance of counsel Bousley v. United States, 452 U.S. 614 (1998). Once again Sandoval-Mendoza faces the burden of having to demonstrate either cause and actual prejudice or her actual innocence. She fails at both.

Sandoval-Mendoza argues that "cause" exists based upon the alleged ineffective assistance of counsel in failing to argue for a downward departure due to the hardship her family would suffer due to her incarceration. Once again Petitioner's request must be analyzed using the now familiar two part Strickland test. In accordance with Strickland this Court will first examine the prejudice suffered by Petitioner as a result of the alleged deficiencies. Strickland, 466 U.S. at 697.

A review of the record contradicts Petitioner's assertion. The record clearly indicates that her counsel made the Court aware of her

family circumstances before the imposition of sentence.

> Mr. Castro Lang: All I have to say, Your Honor, in terms of sentencing Ms. Sandoval is a first-time offender, she has two children. Both of the fathers are incarcerated, Your Honor. Her father has cancer. There really isn't much more that I can say on her behalf.
>
> The Court: Well, this is a case wherein the Government and you have agreed to a sentence. You know more than I about this case and I do not see any overriding fact for why the Court should not respect you who have dealt with this case, together with the District Attorney whose job it is to prosecute, and your job is to defend, I don't find any overriding factor in the pre-sentence report which would otherwise indicate.
>
> Now, I'm very aware that most probably there is a substantial consideration provided by lesser quantity of drugs, and that is a stipulation that I think that you reached. And I don't see an overriding factor not to accept it. (S.H. Tr. at p. 7)

The court at the sentencing hearing was clearly made aware of the family circumstances surrounding Petitioner and understood that they were taken into account as part of the reduction in drug quantity at the Plea Agreement negotiations.

Furthermore it is well settled that downward departures based on family circumstances are by far the exception and not the norm. "To warrant a departure, a circumstance must render the case atypical and take it out of the 'heartland' for which the applicable guideline was

designed." United States v. Carrion-Cruz, 92 F.3d 5,6 (1st Cir. 1996). Although the Sentencing Guidelines are advisory in nature their principals still apply, and in order for a court to view a family circumstance departure appropriate it must be such that the court is left with no other alternative once the complete family picture has been presented to the court. "The Sentencing Guidelines deem family circumstances a 'discouraged' ground for departure, and a district court may depart on the basis of a discouraged ground only in 'exceptional' case." United States v. Louis, 300 F.3d 78, 81-82 (1st Cir. 2002).[11] Such is not the case of Petitioner.

Furthermore even assuming that Sandoval-Mendoza's counsel could have provided additional support to his allocution of family circumstances, to argue the same would have constituted a breach of the Plea Agreement which Petitioner had already signed and agreed to. (Crim. D.E.87 at paragraph 9). Petitioner received a substantial benefit from the Government at the time of negotiating of the Plea Agreement. Her drug quantity was not only reduced but in addition the time she spent detained in Colombia awaiting extradition was taken into consideration and she receive credit for it. Further, as stated supra, defendant agreed as part of her plea agreement not to request any other further reduction.

For the reasons previously stated this Court concludes that Petitioner Sandoval-Mendoza's third and final claim of ineffective assistance of counsel alleged family hardship is meritless.

---

[11] The First Circuit Court has affirmed departures for exceptional family circumstances only on rare occasions, noting that time-consuming family responsibilities, by themselves, are not sufficient to take a case out of the 'heartland'. United States v. Pereira, 272 F.3d 76,80 (1st Cir. 2001).

**III. CONCLUSION**

For the reasons stated, the Court concludes that Petitioner **SANDRA PATRICIA SANDOVAL-MENDOZA**, is not entitled to federal habeas relief on the claim presented. Accordingly, it is ordered that petitioner **SANDRA PATRICIA SANDOVAL-MENDOZA's** request for habeas relief under 28 U.S.C. Sec. 2255 (D.E.#1) is **DENIED**, and her Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. Sec. 2255 is **DISMISSED WITH PREJUDICE.**

It is further ordered that no certificate of appealability should be issued in the event that Petitioner files a notice of appeal because there is no substantial showing of the denial of a constitutional right within the meaning of 28 U.S.C, Section 2253(c)(2).

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 29th day of September 2010.

s/Daniel R. Dominguez
**DANIEL R. DOMINGUEZ**
**UNITED STATES DISTRICT JUDGE**